IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD P. SHOVER, II, | : | CIVIL ACTION NO. **3:CV-05-0540** |
| Plaintiff | : | (Judge Nealon) |
| v. | : | (Magistrate Judge Blewitt) |
| JAMES W. HECKARD, et al., | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background**

The Plaintiff, Richard P. Shover, II, formerly an inmate at Dauphin County Prison ("DCP"),[1] originally filed this 42 U.S.C. § 1983 civil rights action on March 17, 2005. (Doc. 1).[2] The Plaintiff also filed an application for leave to proceed *in forma pauperis*. (Doc. 2). We screened the Complaint pursuant to the Prison Litigation Reform Act of 1995,[3] (the "PLRA"), and we issued an Order on March 24, 2005, directing Plaintiff to file an Amended Complaint due to deficiencies in his original pleading. (Doc. 7). *See* 28 U.S.C. § 1915. The Plaintiff timely filed an Amended

---

1. On May 17, 2005, Plaintiff was transferred from DCP to the Dauphin County Work Release Center. (Doc. 15).

2. In an action brought pursuant to 42 U.S.C. § 1983, the Plaintiff must prove the following two essential elements in order to state a claim: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981).

3. Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

Complaint on April 8, 2005. (Doc. 8).

We conducted a preliminary screening of Plaintiff's Amended Complaint and found it appropriate to serve on the four Defendants. We directed service of Plaintiff's Amended Complaint on the Defendants. (Doc. 9). The Defendants were served. (Doc. 10). On June 15, 2005, the Defendants jointly filed a Motion for Summary Judgment, along with a support Brief containing Exhibits and a Statement of Material Facts. (Docs. 12, 13 & 14). The Plaintiff failed to respond in a timely fashion to the Defendants' dispositive motion. However, upon review of the file, we found that Plaintiff may not have received copies of Defendants' Summary Judgment documents since they were served on him at his former address at DCP and he had been transferred to the Work Release Center prior to service. Thus, on July 14, 2005, we issued an Order directing the Clerk of Court to re-serve Defendants' Summary Judgment documents (Docs. 12, 13 & 14) on Plaintiff at the Work Release Center, his present address. We also gave Plaintiff an extension of time to July 28, 2005, to file his brief in opposition to the Defendants' Motion. (Doc. 17).

To date, Plaintiff has failed to respond to the Defendants' dispositive Motion. Nor has Plaintiff requested another extension of time within which to do so. Thus, in accordance with Local Rule 7.6, M.D. Pa., we recommend that Plaintiff be deemed as not opposing Defendants' Summary Judgment Motion.[4] We also note that in our July 14, 2005, Order we indicated that Plaintiff's failure to timely file his opposition brief may result in our recommendation that his case be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). (Doc. 17).

---

4. Plaintiff was advised of the pertinent Local Rules of this Court. (Doc. 5.).

We now recommend that Plaintiff's action be dismissed under Rule 41(b). Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court*, . . ." (emphasis added). In the instant case, Plaintiff has failed to both prosecute the action and to comply with an Order of the court by his failure to file an opposition brief as directed.

Further, if Defendants' Summary Judgment Motion is considered notwithstanding Plaintiff's failure to file his opposition brief and his failure to prosecute his case, we recommend that it be granted since Defendants have demonstrated that Plaintiff failed to exhaust his available administrative remedies with respect to his present claims.

## II. Allegations of the Amended Complaint.

The Plaintiff's claims in his amended pleading against Defendants James W. Heckard, "Manny Rhodes,"[5] Jimmy Hill and C.O. [Randy] Pope, all Corrections Officers ("CO's") at DCP, are as follows.

Plaintiff asserts that he was beaten by prison staff when he arrived at DCP on January 1, 2005, and that he was later denied proper medical care. Thus, Plaintiff is raising Eighth Amendment excessive force and denial of medical care claims as a civil rights action in accordance with §1983.

Specifically, Plaintiff avers that upon his arrival at DCP on January 1, 2005, the named Defendants, who were DCP third shift staff, along with other unknown CO's, used excessive force

---

5. Defendants show that the correct name of Defendant "Manny Rhodes" is Emanuel Rose. (Doc. 13, Ex. B). We shall refer to this Defendant's correct name herein.

on him, including a punch in the nose by Defendant Heckard.  Plaintiff states that he began to bleed profusely, took cover on the floor and was attacked by several other unnamed CO's. (Doc. 8, p. 3).  In his handwritten supplemental page attached to his Amended Complaint, Plaintiff avers that he was repeatedly kicked and punched by all four named Defendants.  Plaintiff also avers that he was dragged down two (2) flights of stairs to a segregation cell by the four named Defendants Plaintiff states that he was then stripped and ordered to sprawl on the floor, at which time Defendant Heckard stomped on him with his foot, fracturing his rib cage.[6]

Thereafter, the Plaintiff avers that he was not seen by the medical staff for the next 24 hours despite his complaints.  Plaintiff was examined by a nurse 24 hours later and taken in the prison for an x-ray.  Plaintiff states that he never saw the x-ray results and that he made numerous requests to go to the hospital for a second opinion, but they were denied.  Plaintiff alleges that he experienced pain, including back pain, migraine headaches and ringing in his ears after the January 1, 2005, incident.  Plaintiff states that he was left in segregation for 30 days after the incident.

Plaintiff alleges the personal involvement of the four named Defendants with respect to his Eighth Amendment excessive force claim.  However, as with his original pleading, Plaintiff fails to allege the direct personal involvement of any named Defendant with respect to his Eighth Amendment denial of proper medical care claim as we directed him to do in our May 24, 2005

---

6.  To the extent Plaintiff claims that after he was ordered by the four named Defendants to sprawl on the floor, Defendant Heckard stomped on him, the Third Circuit has held that "a corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under §1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so." *Smith v. Mensinger*, 293 F. 3d 641, 650 (3d Cir. 2002).

Order. (Doc. 7, pp. 3-5). For this reason alone, Plaintiff's Eighth Amendment denial of proper medical care claim should be dismissed. (*See* Doc. 8, Supplemental sheet to Amended Complaint).

As relief, Plaintiff seeks compensatory damages and requests the Court to launch a criminal investigation. (Doc. 8, p. 3).

**III. Discussion.**

Initially, we note that the Defendants have demonstrated in their exhibits in support of their Motion for Summary Judgment that Defendants Rose and Hill were not on duty at the time Plaintiff entered DCP on January 1, 2005, and that they were not present at the time of the incident which is the subject of Plaintiff's § 1983 action. (Doc. 13, Ex. B). Defendants have submitted as Exhibit B supporting their Motion a copy of DCP Shift Duty Roster for December 31, 2004, 10:00 pm to 6:00 am (January 1, 2005), which clearly indicates that Defendants Rose and Hill were not on duty during this shift. Defendants Heckard and Pope were on duty at this time. Thus, we shall recommend that Defendants' Summary Judgment Motion be granted as to Defendants Rose and Hill since it has been demonstrated by the evidence that they were not on duty at DCP at 2:00 am when the Plaintiff alleges excessive force was used upon him. Plaintiff has been given ample opportunity to contest Defendants' evidence and show who was personally involved in the claimed excessive force incident at DCP on January 1, 2005, at 2:00 am. However, he has not responded to Defendants' evidence proving the lack of involvement by Defendants Rose and Hill due to their absence from DCP at the relevant time.[7]

---

7. As stated above, Plaintiff has failed to allege the direct personal involvement of any named Defendant regarding his Eighth Amendment denial of medical care claim. Thus, all four Defendants are entitled to summary judgment with respect to this claim.

Defendants also argue that the Plaintiff did not submit a grievance regarding the alleged assault by the CO's on January 1, 2005. (Doc. 13, p. 3). In fact, Defendants have shown that Plaintiff was issued misconduct charges after the January 1, 2005, incident occurring at 3:40 a.m., namely inappropriate behavior, disruptive, refusing orders and abusive language, and that he plead guilty to all four charges. (Doc. 13, Exs. C & D). Plaintiff was given his disciplinary hearing rights, including his right to appeal the disciplinary decision, and he signed a form to this effect on January 11, 2005. (*Id*., Ex. E). Plaintiff was also given a copy of DCP Inmate Handbook which contained the prison grievance procedure. (*Id*., Ex. J). However, Plaintiff did not appeal his disciplinary guilty decision, nor did he file any grievance with DCP regarding the alleged assault by CO's on January 1, 2005. (*Id*., Ex. F).[8] Plaintiff also did not file any grievance with respect to his Eighth Amendment denial of medical care claim. (*Id*. at ¶ 6.).

### A. *Exhaustion of Administrative Remedies.*

In his amended pleading, the Plaintiff acknowledges that DCP had a grievance procedure available to him but claims that he exhausted his available administrative remedies. (Doc. 8, p. 2, II.). Plaintiff also stated that "I tried every available avenue and was denied." (*Id*.). As stated, Plaintiff had the chance to dispute Defendants' evidence that he did not exhaust his DCP grievance remedies and he has failed to do so. Plaintiff could have submitted copies of his grievances and the responses thereto, yet he did not do so. Further, Defendants have met their burden and have demonstrated Plaintiff's failure to exhaust his administrative remedies with respect to any conditions

---

8. While Defendants have shown that DCP has a grievance procedure available to inmates, we also take judicial notice that DCP has a grievance procedure. *See Flood v. DeRose*, M.D.Pa. Civil Action No. 03-0185, Doc. 30.

of confinement issues while at DCP. (*Id.*).

The Defendants have properly raised the Plaintiff's failure to exhaust by filing a Summary Judgment Motion. The Defendants must plead and prove the exhaustion issue as an affirmative defense in accordance with *Ray v. Kertes*, 285 F.3d 287 (3d Cir. 2002). Here, the Defendants have raised this defense and have offered supporting documentation. The Defendants argue that the Plaintiff has failed to exhaust his administrative remedies as to his present Eighth Amendment claims because he did not file any grievance regarding the alleged assault by CO's on January 1, 2005, and did not appeal his misconduct guilty finding related to the incident in question. Nor did Plaintiff file a grievance as to his Eighth Amendment denial of medical care claim. (Doc. 13, Exhibit F, ¶ 6.).

Exhibit F attached to Defendants' Doc. 13 supports Defendants' contention that the Plaintiff failed to file any grievance regarding the alleged January 1, 2005, assault and subsequent medical care. The Plaintiff has failed to make any contradictory submissions regarding his attempts to file and appeal any grievances. The Defendants' evidence shows that the Plaintiff failed to comply with the grievance provisions of the DCP Handbook with respect to his present complaint of assault by Defendants. Thus, Defendants have shown that Plaintiff has not properly exhausted his Eighth Amendment claims in this case. Defendants, as discussed, have substantiated their contention.

There is no evidence that the prison refused to consider Plaintiff's grievances regarding his instant Eighth Amendment claims in accordance with the DCP Inmate Handbook. Thus, the Plaintiff had available to him the procedures allowed by the DCP Handbook to grieve his Eighth Amendment assault and failure to provide medical care claims in this case.

The Defendants' exhibits, in part, deal with the misconduct charges filed against Plaintiff stemming from the January 1, 2005, incident and Plaintiff's finding of guilt by the disciplinary hearing officer. We agree with Defendants that, to the extent Plaintiff is attacking his finding of guilt with respect to the January 1, 2005, misconduct report, he was required to appeal to the Warden. Thus, the evidence in this case shows that the Plaintiff did not exhaust his administrative remedies regarding his present Eighth Amendment claims as required by the DCP Inmate Handbook, which applied to these claims.

Prior to initiation of an action such as this, as Defendants recognize (Doc. 13, p. 9), the Plaintiff is required to exhaust his administrative remedies. 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

As discussed, DCP has an administrative remedy procedure with respect to issues regarding an inmate's incarceration. (Doc. 13, Exhibit J). The exhaustion requirement is a mandatory prerequisite to filing suit and must be sufficiently alleged. *See Booth v. Churner*, 206 F. 3d 289 (3d Cir. 2000) *aff'd* 532 U.S. 731, 121 S. Ct. 1819 (2001); *Nyhuis v. Reno*, 204 F. 3d 65 ( 3d Cir. 2000). Even if a Plaintiff is seeking both injunctive and monetary relief, he still must exhaust his administrative remedies, as the PLRA makes no distinction between claims for damages, injunctive relief, or both. *Id.* In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons

conditions, including § 1983 actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id*.

The Third Circuit Court of Appeals, as stated above, has held in the case of *Ray*, 285 F.3d at 295-296, that the defendant has the burden of pleading and proving failure to exhaust administrative remedies as an affirmative defense in a § 1983 action. The Defendants, as discussed, have properly asserted this defense in the present case. We find that the Plaintiff has failed to exhaust his Eighth Amendment claims against Defendants.

Recently, the Third Circuit in *Spruill v. Gillis*, 372 F. 3d 218, 230 (3d Cir. 2004), held that in a §1983 civil rights action, the PLRA's exhaustion requirement includes a procedural default component. The *Spruill* Court indicated that federal courts should evaluate a prisoner's procedural default within the applicable prison grievance system, *i.e.* "in the course of an existing and fully developed grievance," rather than "ascertaining whether a prisoner's undeveloped grievance would be futile." *Id*. at 231, n. 10. Further, the prison's grievance system's procedural requirement may not be imposed in a way that offends the Constitution or federal policy as contained in §1997e(a), and that "compliance with the administrative remedy scheme will be satisfactory if it is substantial." *Id*. at 232 (citation omitted).

The first inquiry, according to *Spruill*, is whether the Plaintiff literally exhausted his administrative remedies, that is, whether there are "further avenues of relief available to him within the prison's inmate grievance process." *Id*. The DCP provides as follows:

> G. GRIEVANCE GUIDELINES:
>
> A grievance is a complaint an inmate may have about the behavior or action toward an inmate by a staff member or another inmate, or any matter of concern, including conditions of confinement.
>
> An inmate must write out the complete grievance, being as brief but specific as possible, soon after the alleged occurrence. This complaint shall be directed to a Deputy Warden or his/her designee. The inmate or any other party directly involved may be requested to present all relevant information on the matter. Based on the information at hand, the Deputy Warden or his/her designee shall communicate the decision and the reason in writing to the complainant. There is no specific form to be used for writing a grievance; it may be written on 8 ½ by 11 paper or an inmate request slip. Those wishing an extra measure of confidentiality for a grievance may request an envelope from the caseworker.
>
> There shall be no reprisals against any inmate who files a grievance; however, abuse of the grievance system shall be cause for disciplinary action. Any deliberate falsification of information included in a grievance shall be interpreted as abuse.

(Doc. 13, Ex. J, p. 2, ¶ G.).

The Defendants' evidence has shown that Plaintiff failed to file any grievance. (Doc. 13, Exhibit F). Thus, as stated, Defendants have submitted evidence that Plaintiff failed to exhaust his Eighth Amendment claims against them. Therefore, we find that the Plaintiff did not file a grievance as required by DCP Inmate Handbook and that there were avenues of relief available to him in the DCP's grievance system with respect to his Eighth Amendment claims against Defendants. Thus, as mentioned, Plaintiff has not perfected his DCP administrative remedies by filing any grievances regarding his Eighth Amendment claims against Defendants.

The DCP Inmate Handbook provides that the grievance must be submitted "soon after the alleged occurrence." It is now over seven (7) months after the January 1, 2005, alleged assault.

Thus, we find that Plaintiff has procedurally defaulted the available administrative remedies under the DCP Handbook and that he has not shown good cause for doing so. He should not be excused from exhausting his remedies which were undisputedly available to him.

Next, according to *Spruill*, we must address the procedural default aspect to the exhaustion issue. As the *Spruill* Court stated, "a court reviewing a prisoner's §1983 claim for compliance with §1997e(a) will have, at best, a ruling from a prison grievance appellate body on whether the prisoner complied with the prison grievance system's procedural rules." *Id*. In our case, Plaintiff did not file any grievance, and thus there is no decision from the DCP Deputy Warden.

Thus, the Plaintiff procedurally defaulted exhaustion concerning his Eighth Amendment claims, since he failed to comply with the requirements of the DCP Inmate Handbook by submitting a grievance. The Plaintiff's opportunity to submit a grievance has expired.

In light of the undisputed evidence regarding the Plaintiff's failure to exhaust his present claims, we find that the Plaintiff has not shown substantial compliance with the DCP's administrative remedy process. As discussed, we find that the Plaintiff failed to follow the DCP Handbook regarding filing a grievance concerning his Eighth Amendment claims against Defendants. Thus, we find that the Plaintiff has procedurally defaulted his Eighth Amendment claims that Defendants assaulted him on January 1, 2005 and that he was denied proper medical care.

The Defendants' evidence demonstrates that the Plaintiff did not exhaust his administrative remedies under the DCP Handbook with respect to his Eighth Amendment claims against them. Since the Plaintiff did not exhaust any of his administrative remedies regarding his Eighth

Amendment claims, these claims should be dismissed, as the Defendants argue. Based on Defendants' evidence, we also find that the Plaintiff failed to follow the prison's grievance procedure with respect to the stated Eighth Amendment claims and, thus, he procedurally defaulted these claims. The prison's Grievance System Policy put the Plaintiff on notice that he had to exhaust the stated claims. The Plaintiff has not controverted the Defendants' evidence that he (Plaintiff) failed to exhaust his Eighth Amendment claims.

Therefore, we shall recommend that the Defendants' Motion for Summary Judgment for failure to exhaust administrative remedies with respect to the Plaintiff's Eighth Amendment claims be granted. **(Doc. 12).**

**IV. Recommendation.**

Based on the foregoing, it is respectfully recommended that Plaintiff be deemed as not opposing Defendants' Motion for Summary Judgment **(Doc. 12),** that Plaintiff be construed as failing to prosecute his case under Rule 41(b), and that the Defendants' Summary Judgment Motion be granted with respect to Plaintiff's Eighth Amendment claims since he failed to exhaust his available administrative remedies.

                                                **s/ Thomas M. Blewitt**
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated:  August 12, 2005**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD P. SHOVER, II, | : | CIVIL ACTION NO. **3:CV-05-0540** |
| Plaintiff | : | (Judge Nealon) |
| v. | : | (Magistrate Judge Blewitt) |
| JAMES W. HECKARD, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 12, 2005.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

                                                        **S/ Thomas M. Blewitt**
                                                        **THOMAS M. BLEWITT**
                                                        **United States Magistrate Judge**

**Dated: August 12, 2005**